IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEWELL BAILEY, | : |
| | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:20-cv-01365-LMB-TCB |
| | : |
| | : |
| EQUIFAX INFORMATION SERVICES, LLC, *et al.*, | : |
| | : |
| Defendants. | : |

## JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26(A) and the Scheduling Order entered by this Court on January 19, 2021, Counsel of Record for the Parties submit this Joint Discovery Plan in advance of the Initial Pretrial Conference to be held on February 24, 2021 at 10:00 a.m. (ECF 31.)

Pursuant to Fed. R. Civ. P. 26(f), the Parties conferred on February 18, 2021, to formulate this Joint Discovery Plan. Unless specifically noted otherwise, the Parties agree as follows:

1. <u>Conclusion of Discovery.</u> Discovery will be concluded by Friday, **May 14, 2021**, as provided in the Court's Order. (ECF 25.)

2. <u>Initial Disclosures.</u> The Parties will exchange initial disclosures under Rule 26(a)(1) on or before **March 5, 2021**. The Parties agree to exchange non-confidential documents with their initial disclosures. Confidential documents will be exchanged after the entry of a protective order.

3. <u>Claims, Defenses, and Settlement.</u> The Parties have conferred as to the nature and basis of their claims. The Parties have discussed the potential for mediation in this matter and have agreed to re-address the issue once sufficient investigation has taken place to determine the nature

and basis of their claims and defenses and the possibilities for promptly settling or resolving the case. The Parties are willing to consider Court-supervised mediation at an appropriate time.

4. <u>Discovery Schedule.</u> The Parties do not believe that the Local Civil Rules should be altered with respect to the timing of discovery, except that objections to discovery requests shall be due within thirty (30) days of service of the request. Accordingly, all requests for written discovery should be served so that answers thereto shall be due to be served not later than the discovery cut-off date.

5. <u>Service of Papers and Pleadings.</u> All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the Parties agree that each has the option to serve by email all discovery requests, written responses, and any other papers that are not filed with the Court. The serving party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file. For purposes of calculating response deadlines, any emailed document will be treated as having been sent via regular mail. If transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served by regular mail, courier service or other means as agreed by the Parties.

6. <u>Discovery of Electronically Stored Information.</u> Electronically stored information and documents may be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests. Documents produced in electronic form shall be produced in the format selected by the producing party. Unless agreed otherwise by Counsel before production, documents should be produced in .pdf format. Each document should be produced as a separate .pdf file and each file name should reflect the document bates numbers.

7. <u>Privileged or Protected Materials.</u> The Parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The Parties agree that communications made after Counsel was retained in this case do not need to be stated on any privilege log. The Parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

8. <u>Protective Orders.</u> Counsel agrees to discuss entry of a stipulated protective order. The Parties will work together to agree on a form for a Protective Order consistent with the requirements of the Local Rules.

9. <u>Expert Discovery.</u> The parties agree that expert discovery may be necessary. The Plaintiff shall make her expert disclosures by **April 16, 2021**. Defendants' expert disclosures are due **April 30, 2021**. To the extent they are necessary, rebuttal disclosures are due **May 7, 2021**.

10. <u>Subjects of Discovery.</u> The Parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules. The Parties agree that any documents received in response to a subpoena to a third party will be provided to the other Parties within ten business days.

11. <u>Trial by Magistrate.</u> There is not unanimous consent to trial by Magistrate.

12. <u>Disclosures, Exhibit Lists, Witness Lists and Stipulations.</u> The Parties agree that the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts will be filed electronically with the Court on

or before the Final Pretrial Conference. Objections to exhibits will be filed within 10 days after the Final Pretrial Conference; otherwise the exhibits shall stand admitted in evidence.

The original exhibits shall be delivered to the clerk as provided by Local Civil Rule 79(A).

13.     <u>Waiver of Appearance and Pretrial Conference.</u> The Parties agree to waive their appearance at the Pretrial Conference on February 24, 2021 if the Court approves this Joint Discovery Plan.

**SO STIPULATED**                             Dated: February 19, 2021

By:   */s/ Leonard A. Bennett*
Leonard A. Bennett
Craig C. Marchiando
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
craig@clalegal.com

*Counsel for Plaintiff*

By:   */s/ David N. Anthony*
David N. Anthony (VSB# 31696)
TROUTMAN SANDERS LLP
1001 Haxal Point
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com

*Counsel for Experian Information Solutions, Inc.*

      */s/ James R. Billings-Kang*
Esther Slater McDonald
Seyfarth Shaw LLP (GA)
1075 Peachtree St NE, Suite 2500
Atlanta, GA 30309
404-885-1500
Fax: 404-892-7056
Email: emcdonald@seyfarth.com

James Robert Billings-Kang
Seyfarth Shaw LLP (DC)
975 F Street, NW
Washington, DC 20004
(202) 828-5356
Fax: (202) 641-9228
Email: jbillingskang@seyfarth.com

*Attorneys for Defendant Equifax Information Services LLC*

      */s/ Gibson S. Wright*
Gibson Sinclair Wright
Mccandlish Holton PC
1111 E Main St
Suite 2100
PO Box 796
Richmond, VA 23218-0796
804-775-3100
Fax: 804-775-3800
Email: gwright@lawrnh.com

Victoria Linney Howell
McCandlish Holton PC
1111 E Main St
Suite 2100
PO Box 796
Richmond, VA 23218-0796
804-775-3854
Fax: 804-775-3834
Email: vhowell@lawmh.com

*Attorneys for Defendant Trans Union, LLC*

     */s/ Aaron D. Neal*
Aaron Drew Neal
McNamee Hosea Jernigan Kim Greenan & Lynch PA
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
301-441-2420
Fax: 301-982-9450
Email: aneal@mhlawyers.com

*Attorney for Defendant Specialized Loan Servicing, LLC*